NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2469
_____

In re: Split Vein Coal Company, Inc.,
                                        Debtor

Split Vein Coal Company, Inc.

v.

Gilberton Coal Company, Inc.;
Seedco NP, LLC,

Gilberton Coal Company, Inc,
                                        Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-10-cv-01947)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
May 25, 2012

Before:  RENDELL, FUENTES and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: June 5, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

This case involves a Pennsylvania state-law conversion claim that was prosecuted as an adversary proceeding in bankruptcy. After a two-day trial, the Bankruptcy Court found, in a 29-page opinion, that defendant Gilberton Coal Company had converted approximately 500,000 tons of culm, or coal refuse, that belonged to plaintiff-debtor Split Vein Coal Company (but was stored on land owned by Gilberton) and ordered Gilberton to pay Split Vein the $639,685 in profits it earned on the sale of that culm. Gilberton moved the Bankruptcy Court to reconsider, and, when the Bankruptcy Court denied that motion, appealed to the District Court. In a detailed, 20-page opinion, the District Court affirmed the Bankruptcy Court's judgment in all respects. Gilberton now appeals the judgment of the District Court.[1]

Gilberton raises six issues on appeal: (1) whether the Bankruptcy and District Courts erred in concluding it waived the argument that Split Vein rejected the parties' contract, an unexpired lease, as a matter of law under 11 U.S.C. § 365(d)(4); (2) whether the Bankruptcy and District Courts incorrectly interpreted Pennsylvania law regarding the abandonment of culm; (3) whether the Bankruptcy Court erred in concluding that Split Vein did not abandon the culm; (4) whether the Bankruptcy Court erred in concluding that Split Vein did not abandon the parties' contract; (5) whether Split Vein met its burden of proving conversion of the culm; and (6) whether Gilberton's conversion was properly excusable as an act necessary to avoid a public disaster. The Bankruptcy and

---

[1] The Bankruptcy Court and District Court exercised jurisdiction under 28 U.S.C. § 157(b) and § 158(a)(1), respectively, and under 28 U.S.C. § 1334. Our jurisdiction arises under 28 U.S.C. § 158(d)(1).

District Courts appropriately and adequately addressed each of those issues, and we have little to add to their thorough and thoughtful analyses in this very fact-intensive case.

Only one point warrants further discussion. Gilberton argues in its reply brief, for the first time, that, assuming the parties' agreement was a license, rather than a lease, Split Vein failed to assume it in bankruptcy as required under 11 U.S.C. § 365(b)(1). In brief, its logic proceeds as follows: (1) if the parties' contract was not a lease, it was an executory contract; (2) § 365(b)(1) requires a party assuming an executory contract to cure all defaults or breaches; (3) Split Vein had breached or defaulted under the contract in numerous ways; (4) Split Vein failed to cure those breaches and defaults; (5) therefore, Split Vein failed to assume the contract under § 365(b)(1); and (6) even if Split Vein did not reject the contract, it should be estopped from arguing it assumed the contract and precluded from obtaining any relief under it.

We will not consider this factually and legally complex question for the first time on appeal, especially when asserted so belatedly in a reply brief. Gilberton could have, and should have, raised this purportedly dispositive issue in the Bankruptcy Court before the case went to trial. Instead, it waited until the reply brief of its appeal from the appeal of the Bankruptcy Court's decision, after Split Vein's last opportunity to respond. These circumstances do not warrant a departure from our ordinary practice of declining to review issues that are not timely raised. *See Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 142 (3d Cir. 2001) ("Generally, barring exceptional circumstances . . . this Court does not review issues raised for the first time at the appellate level. Although we have discretion to review an argument not raised in the trial Court, we ordinarily refuse to do

3

so." (citations omitted)); *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 204 n.29 (3d Cir. 1990) ("As a general matter, the courts of appeals will not consider arguments raised on appeal for the first time in a reply brief.").

Accordingly, we will affirm the judgment of the District Court.